VEDDER PRICE (CA), LLP
Heather M. Sager, Bar No. 186566
hsager@vedderprice.com
Ayse Kuzucuoglu, Bar No. 251114
akuzucuoglu@vedderprice.com
275 Battery Street, Suite 2464
San Francisco, California 94111
T: +1 415 749 9500
F: +1 415 749 9502

Attorneys for Defendant
HARRISON GLOBAL, LLC dba
BOSTON COACH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HUDDLESTUN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARRISON GLOBAL, LLC dba BOSTON COACH, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. **'17 CV0253 DMS WVG**<br><br>**NOTICE OF REMOVAL AND REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§ 1132, 1441, 1446,** *et seq.* |

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN_FRANCISCO/#41891.2

NTC. OF REMOVAL & REMOVAL TO
FEDERAL COURT
[CASE NO. _____]

# TABLE OF CONTENTS

**Page**

BACKGROUND ............................................................................................... 1
TIMELINESS OF REMOVAL ........................................................................ 2
VENUE ............................................................................................................. 2
BASIS FOR REMOVAL JURISDICTION ..................................................... 2
THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 .......................... 3
    1.    Inaccurate Wage Statements Claim ....................................... 4
    2.    Minimum Wage Claim ........................................................... 5
    3.    Waiting Time Penalties Under Section 203 .......................... 5
    4.    Overtime Claim ...................................................................... 5
    5.    Meal and Rest Break Claims ................................................. 6
    6.    Attorneys' Fees ....................................................................... 6
OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE
    SATISFIED ............................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Altamirano v. Shaw Indus.*,
   2013 U.S. Dist. LEXIS 84236 (N.D. Cal. June 14, 2013) ................................... 4

*Baillie v. Account Receivable Mgmt. of Fla.*,
   2011 U.S. Dist. LEXIS 16823 (N.D. Cal. Feb. 14, 2011) ................................... 5

*Bell v. Preferred Life*,
   320 U.S. 238 (1943) .......................................................................................... 6

*Chabner v. United of Omaha Life Ins. Co.*,
   225 F.3d 1042 (9th Cir. 2000) ........................................................................... 4

*Chavez v. Netflix, Inc.*,
   162 Cal.App.4th 43 (2008) ................................................................................ 6

*Goldberg v. C.P.C. Int'l, Inc.*,
   678 F.2d 1365 (9th Cir. 1982) ........................................................................... 6

*Industrial Tectonics, Inc. v. Aero Alloy*,
   912 F.2d 1090 (9th Cir. 1990) ........................................................................... 3

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ........................................................................... 2

*Ruby v. State Farm Gen. Ins. Co.*,
   2010 U.S. Dist. LEXIS 88812 (N.D. Cal. Aug. 4, 2010) ................................... 5

*Trang v. Turbine Engine Components Tech. Corp.*,
   2012 U.S. Dist. LEXIS 179710 (C.D. Cal. Dec. 19, 2012) ............................... 5

**Statutes**

28 U.S.C. § 84(d) ..................................................................................................... 2

28 U.S.C. § 1332 ..................................................................................................... 3

28 U.S.C. §§ 1332, 1441 and 1446 ......................................................................... 1

28 U.S.C. § 1332(c) ................................................................................................ 2

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ii -

NTC. OF REMOVAL & REMOVAL TO
FEDERAL COURT
[CASE NO. _____]

SAN_FRANCISCO/#41891.2

| | |
|---|---|
| 28 U.S.C. § 1332(d)(2)(A) | 3 |
| 28 U.S.C. §§ 1332(d) and 1441 | 7 |
| 28 U.S.C. §§ 1441 and 1332(a) | 2 |
| 28 U.S.C. § 1441(a) | 2, 3 |
| 28 U.S.C. § 1446(a) | 7 |
| 28 U.S.C. §§ 1446(a) and (d) | 7 |
| 28 U.S.C. § 1446(b) | 2 |
| 28 U.S.C. § 1446(d) | 7 |
| California Business & Professions Code §17200 *et seq.* | 1 |
| California Business and Professions Code § 17200 | 3 |
| California Labor Code § 226(e) | 4 |
| Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1174, 1194, 1197 | 4 |
| Labor Code § 203 | 5 |
| Labor Code § 226.3 | 4, 5 |
| Labor Code § 226.7 | 6 |
| Labor Code § 1197.1 | 5 |

Vedder Price (CA), LLP
Attorneys at Law
San Francisco

- iii -

NTC. OF REMOVAL & REMOVAL TO FEDERAL COURT
[CASE NO. _____]

SAN_FRANCISCO/#41891.2

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Harrison Global, LLC dba Boston Coach ("Defendant" or "Harrison Global") submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 to effect the removal of the above-entitled action from the Superior Court of the State of California, County of San Diego to the United States District Court for the Southern District of California.

## BACKGROUND

1. On December 8, 2016, Plaintiff Mark Huddlestun ("Plaintiff") individually and on behalf of other members of the general public similarly situated, filed a Complaint against Harrison Global, entitled " Mark Huddlestun v. Harrison Global, LLC dba Boston Coach" in the Superior Court of California, for the County of San Diego, Case No. 37-2016-00043127-CU-OE-CTL (hereinafter, the "Complaint").

2. Plaintiff and the members of the putative class he seeks to represent are "all persons who were employed by Defendants as chauffeurs and who may have been subject to unlawful treatment at any time during a period of four years calculated retroactive to the date this action was filed." (Complaint ¶ 10.) The complaint alleges six causes of action: (1) failure to pay overtime; (2) failure to provide required meal and rest periods ; (3) failure to pay minimum, hourly and overtime wages; (4) failure to pay final wages; (5) failure to furnish timely and accurate wage statements; (6) unlawful and unfair business acts and practices (violation of California Business & Professions Code §17200 *et seq.*). (Complaint ¶¶ 19-55.)

3. True and correct copies of Plaintiff's Complaint and Summons are attached hereto as **Exhibit A**. Defendant's Answer to the Complaint is attached hereto as **Exhibit B.** The allegations of the Complaint are incorporated by

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 1 -

NTC. OF REMOVAL & REMOVAL TO FEDERAL COURT
[CASE NO. _____]

SAN_FRANCISCO/#41891.2

reference in this Notice of Removal without admitting them.

4. No other proceedings have occurred in this action.

## TIMELINESS OF REMOVAL

5. Harrison Global's registered agent of service was served with the Summons and Complaint by hand delivery on January 9, 2017. This Notice of Removal is timely as it is filed within 30 days of both receipt and service of the Summons and Complaint on the Defendants. See 28 U.S.C. § 1446(b).

## VENUE

6. San Diego County, California is located within the Southern District of California. Thus, venue is proper pursuant to 28 U.S.C. § 84(d) because this is the "district and division embracing the place where [Plaintiff's] action is pending." See 28 U.S.C. § 1441(a).

## BASIS FOR REMOVAL JURISDICTION

7. Harrison Global removes this action pursuant to 28 U.S.C. §§ 1441 and 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP EXISTS AMONG THE PARTIES

8. Plaintiff Mark Huddleston has been a resident of the State of California, at all times relevant to this matter. (Complaint ¶ 1.) For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Therefore, Plaintiff is a citizen of California. (Complaint ¶ 1.)

9. Harrison Global is incorporated in the State of Massachusetts, with its principal place of business in Waltham, Massachusetts. (Complaint ¶ 2.) A corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Where a corporation does business in a number of states and

Vedder Price (CA), LLP
Attorneys at Law
San Francisco

- 2 -

NTC. OF REMOVAL & REMOVAL TO FEDERAL COURT
[CASE NO. _____]

SAN_FRANCISCO/#41891.2

does not conduct the substantial predominance of its business in any single one, the state where corporate headquarters is located is the corporation's principal place of business. *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990). Harrison Global conducts business in a large number of states and no state contains a substantial predominance of its business. Thus, Harrison Global is a citizen of Massachusetts, where it is headquartered.

10. The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a).

11. Here, diversity of citizenship is met because the Plaintiff and at least some, if not all of the putative class members are citizens of California while Harrison Global is a citizen of Massachusetts. *See* 28 U.S.C. § 1332(d)(2)(A).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12. The Complaint does not identify an amount in controversy with respect to the putative class. However, based on the allegations in the Complaint, there exists a legal possibility of a demand in excess of $75,000.

13. According to the Plaintiff, the size of putative class is unknown, but consists or over 50 persons. (Complaint ¶ 13.) Plaintiff also claims the putative class is so numerous that the individual joinder of all members is impracticable. (*Id.*)

14. In his Complaint, Plaintiff alleges that Harrison Global failed to pay him and the putative class members overtime wages, did not provide meal and rest breaks, failed to pay minimum wage, failed to pay final wages, did not maintain accurate pay records, and failed to furnish timely and accurate wage statements and engaged in unfair business practices in violation of California Business and Professions Code § 17200. Among others, Plaintiff claims that he and the putative class members are entitled to compensatory damages, equitable relief, statutory penalties and attorneys' fees. *See* Prayer for Relief.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

NTC. OF REMOVAL & REMOVAL TO FEDERAL COURT
[CASE NO. _____]

SAN_FRANCISCO/#41891.2

15. In determining whether the jurisdictional amount in controversy has been satisfied, courts may consider the maximum statutory penalties available. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000). The penalties Plaintiff requests include the following: Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1174, 1194, 1197.

### 1. Inaccurate Wage Statements Claim

16. Plaintiff's fifth cause of action alleges that Defendant failed to provide accurate wage statements, in that the statements did not include "the total hours worked by the employee or other basis upon which compensation is determined." Complaint ¶ 42. Plaintiff alleges that Defendant's failure was knowing and intentional. Id. at ¶ 44. California Labor Code § 226(e) provides that where an employer has knowingly and intentionally failed to provide an accurate wage statement, the employee:

> is entitled to recover the greater of all actual damages [suffered because of the employer's failure] or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

If Plaintiff received non-compliant wage statements each week, the amount of penalties on this claim alone would be $4,000 [$50 for first violation + 100 x 69 violations = $7,050]. *See Altamirano v. Shaw Indus.*, 2013 U.S. Dist. LEXIS 84236, 32 (N.D. Cal. June 14, 2013) (Given Plaintiff's allegations about the pervasiveness of the policies that are the subject of the first three causes of actions, it is reasonable to assume that each putative class member suffered at least one violation during any given pay period, resulting in an inaccurate wage statement.")

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

NTC. OF REMOVAL & REMOVAL TO FEDERAL COURT
[CASE NO. _____]

SAN_FRANCISCO/#41891.2

Labor Code § 226.3 potentially provides an additional civil penalty for each violation, stating:

> "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

Therefore the penalties under Labor Code § 226.3 for Plaintiff would be $69,250.00 ($250 for the first violation+$1,000 x 69 weeks of pay).

### 2. Minimum Wage Claim

17. Plaintiff's third cause of action alleges failure to pay minimum wage and seeks penalties for same. Labor Code § 1197.1 provides a penalty of $100 for initial failure and $250 for each subsequent alleged failure to pay minimum wages. If Plaintiff was not paid minimum wage once per week, the amount of penalties would exceed $17,350 [$100 for first violation + 250 x 69 violations].

### 3. Waiting Time Penalties Under Section 203

18. Courts accept a defendant's calculation as to penalties owed for failure to timely pay compensation upon termination under Labor Code § 203 where the plaintiff alleged that the defendant had still not paid the compensation owed. *Trang v. Turbine Engine Components Tech. Corp.*, 2012 U.S. Dist. LEXIS 179710, at *2-4 (C.D. Cal. Dec. 19, 2012); *Ruby v. State Farm Gen. Ins. Co.,* 2010 U.S. Dist. LEXIS 88812 (N.D. Cal. Aug. 4, 2010); *Baillie v. Account Receivable Mgmt. of Fla.*, 2011 U.S. Dist. LEXIS 16823 (N.D. Cal. Feb. 14, 2011).

Here, Plaintiff claims he and the putative class members were not paid minimum wages, overtime, and meal and rest period premium wages. If Plaintiff's allegations are true, he would be owed 30 days of unpaid wages. Based on a minimum $10.50/hour pay rate for Plaintiff, the amount of controversy for waiting

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

NTC. OF REMOVAL & REMOVAL TO
FEDERAL COURT
[CASE NO. _____

SAN_FRANCISCO/#41891.2

time claims only comes out to $2,520 .00 ($10.50 x 8 hours per day x 30)

### 4. Overtime Claim

19. Plaintiff's first cause of action alleges failure to pay overtime. Taking a very conservative approach, Defendant calculates the amount of overtime pay in controversy based on 5 hours of overtime . The damages for this claim amounts to $5,512.50 for the 70 weeks Plaintiff worked (5 hours of overtime x $15.75 per hour of overtime x 70 weeks Plaintiff worked).

### 5. Meal and Rest Break Claims

20. In his second cause of action, Plaintiff alleges that Defendant failed to pay him and the putative class members meal and rest premium due pursuant to Labor Code § 226.7, which requires payment of one additional hour of pay for each workday in which proper meal or rest breaks were not provided. See Lab. Code § 226.7. If Plaintiff missed as few as two meal and four rest break per week, the damages for this claim amounts to $4,410 for the 70 weeks Plaintiff worked (6 hours of penalty x $10.50 per hour x 70 weeks Plaintiff worked).

### 6. Attorneys' Fees

21. Plaintiff's Complaint also seeks an award of attorneys' fees pursuant to statutory authority. In determining whether a complaint meets the amount in controversy requirement, a court should also consider attorneys' fees. *See, e.g., Bell v. Preferred Life*, 320 U.S. 238 (1943); *Goldberg v. C.P.C. Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts). In California class actions, it is not uncommon for an attorneys' fees award to be 25 to 33 percent of the settlement of the award. *See e.g., Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 66 n. 11 (2008) (*quoting Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery")). Given the

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

NTC. OF REMOVAL & REMOVAL TO FEDERAL COURT
[CASE NO. _____]

SAN_FRANCISCO/#41891.2

above calculations, Plaintiffs monetary damages alone exceed $100,000 and attorneys' fees could add significantly to the amount in controversy.

## OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

22. Harrison Global has complied with 28 U.S.C. §§ 1446(a) and (d). Under 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in state court or served on Harrison Global in the state court are provided as **Exhibits A &B**.

23. Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal (with a copy of this notice of removal) will be promptly filed with the clerk of the Superior Court of California, County of San Diego, Case No. 37-2016-00043127-CU-OE-CTL, and will promptly be served on Plaintiff's Counsel of Record.

24. By removing this action to this Court, Defendant does not waive any defenses, objections or motions available to them under state or federal law. Defendant expressly reserves the right to require that the claims of Plaintiff and all members of the putative class be decided on an individual basis.

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d) and 1441.

Dated: February 8, 2017　　　　VEDDER PRICE (CA), LLP


By: s/ Heather M. Sager
　　Heather M. Sager
　　Ayse Kuzucuoglu

Attorneys for Defendant
HARRISON GLOBAL, LLC dba
BOSTON COACH

Vedder Price (CA), LLP
Attorneys at Law
San Francisco

SAN_FRANCISCO/#41891.2

- 7 -

NTC. OF REMOVAL & REMOVAL TO FEDERAL COURT
[CASE NO. _____