# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HUDDLESTUN and ROBERT BENSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HARRISON GLOBAL, LLC DBA BOSTON COACH, MTG ACQUISITIONS, LLC and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 3:17-CV-00253-DMS-WVG<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter, having come before The Honorable Dana Sabraw of the United States District Court for the Southern District of California, at 1:30 p.m. on February 22, 2019, with Scott Cole & Associates, APC and Bodell Law Group, LLP appearing as counsel for Representative Plaintiffs Benson and Huddlestun, individually and on behalf of the Plaintiff class, and Vedder Price (CA), LLP appearing as counsel for Defendants Harrison Global, LLC dba Boston Coach and MTG Acquisitions ("Defendants"). The Court, having carefully considered the briefs, argument of

ORDER RE: FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

counsel and all matters presented to the Court and good cause appearing, hereby GRANTS Plaintiff's Motion for Final Approval of Class Action Settlement.

# I.
# FINDINGS

Based on the oral and written argument and evidence presented in connection with the motion, the Court makes the following findings:

1. All terms used herein shall have the same meaning as defined in the parties' settlement Agreement ("Agreement").

2. This Court has jurisdiction over the subject matter of this litigation pending before the United States District Court for the Southern District of California, Case No. 3:17-CV-00253-DMS-WVG entitled *Huddlestun v. Harrison Global LLC*. and over all Parties to this litigation, including the Settlement Class.

**Preliminary Approval of the Settlement**

3. On August 17, 2018, the Court granted preliminary approval of a class-wide settlement. At this same time, the Court approved certification of a provisional Settlement Class for settlement purposes only.

**Notice to the Plaintiff Class**

4. In compliance with the Preliminary Approval Order, the Class Notice Package was mailed by first class mail to 173 Plaintiff Class members at their last known addresses on or about August 31, 2018. Mailing of the Class Notice and Claim Form to their last known addresses was the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the litigation and the proposed settlement to the Plaintiff Class.

5. The deadline for opting out or objecting was October 16, 2018--an adequate interval between notice dissemination and the deadline so as to permit Plaintiff Class members to choose what to do and act on their decision. According

1 | to the Claims Administrator, no Plaintiff Class members opted out, and no Plaintiff Class members objected.

6. According to the Claims Administrator, there were 118 members of the Plaintiff Class (hereinafter "Participating Class Members") who returned timely claim forms and who, thus, will receive an Individual Settlement Share. The Participating Class Members, as a group, represent 68% of the total Plaintiff Class.

**Fairness of the Settlement**

7. The Agreement is entitled to a presumption of fairness. *Bellows v. NCO Fin. Sys.*, 2008 U.S. Dist. LEXIS 103525, *18 (S.D. Cal. Dec. 2, 2008).

8. There has been no collusion between the parties in reaching the proposed settlement

9. Plaintiffs' investigation and discovery have been sufficient to allow the Court and counsel to act intelligently.

10. Counsel for both parties are experienced in similar employment class action litigation. All counsel recommended approval of the Agreement.

11. No objections or requests for exclusion by Plaintiff Class members were received.

12. The participation rate was high, with sixty-eight percent (68%) of Plaintiff Class members submitting claim forms.

13. The consideration to be given to the Settlement Class members under the terms of the Agreement is fair, reasonable and adequate considering the strengths and weaknesses of the claims asserted in this action and is fair, reasonable and adequate compensation for the release of Settlement Class members' claims, given the uncertainties and risks of the litigation and the delays which would result from continued prosecution of the action.

14. The proposed Agreement is, thus, approved as fair, adequate and reasonable and in the best interests of the Plaintiff Class members.

**Attorneys' Fees and Costs**

15. The Agreement provides for an award of up to $294,000 to Class Counsel as attorneys' fees in this action, representing 28% of the Gross Settlement Fund, plus actual costs, subject to the Court's approval. Class Counsel requests an award of $13,301.05 as reimbursement for litigation costs, and $294,000 for attorneys' fees.

16. An award of $294,000 for attorneys' fees and $13,301.05 for litigation costs is reasonable in light of the contingent nature of Class Counsel's fee, the hours worked by Class Counsel, and the results achieved thereby. The requested attorneys' fees award represents 28% of the Gross Settlement Fund and is equivalent to Class Counsel's lodestar with a 0.7 multiplier, which is also reasonable, particularly in light of the significant amount of uncompensated work Class Counsel anticipates post-final approval of the settlement.

**Enhancement Awards**

17. The Agreement provides for an Enhancement Award of up to $5,000 for each of the Representative Plaintiffs from the Gross Settlement Amount, subject to the Court's approval. The Court finds that a total service award of $10,000 for the two Representative Plaintiffs is reasonable in light of the risks and burdens undertaken by the Representative Plaintiffs in this Action and for their time and effort in bringing and prosecuting this matter on behalf of the Plaintiff Class.

**Cost of Settlement Administration**

18. The Agreement provides for payment of settlement administration expenses from the Gross Settlement Amount. The Settlement Administrator seeks $10,000 in claims administration expenses. The amount of this payment is reasonable in light of the work performed by the Settlement Administrator and shall be awarded thereto.

**PAGA Payment**

19. The Agreement provides for a PAGA award of $6,666, from which $5,000 shall be allocated and paid to the California Labor and Workforce Development Agency ("LWDA"). Class Counsel represents that this payment is consistent with other payments to the LWDA in similar settlements. The (25%) remainder from the PAGA award (i.e., a remainder of $1,666) shall remain in the net settlement fund and available for distribution to the Participating Class Members.

# II.
# ORDERS

Based on the foregoing findings, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Settlement Class is certified for the purposes of settlement only. The Settlement Class is hereby defined to include:

> All California Chauffeurs who worked for Defendants Harrison Global, LLC and/or MTG Acquisitions, LLC from March 14, 2014 to January 26, 2018 (San Francisco); March 14, 2014 to November 16, 2017 (Los Angeles); and October 1, 2015 to November 17, 2017 (San Diego), respectively.

2. All persons who meet the foregoing definition and did not exclude themselves from the Agreement are members of the Settlement Class.

3. The Agreement is hereby finally approved as fair, reasonable, adequate, and in the best interest of the Settlement Class.

4. Class Counsel are awarded attorneys' fees in the amount of $294,000 and litigation costs in the amount of $13,301.05. Class Counsel shall not seek or obtain any other compensation or reimbursement from Defendant, Plaintiffs or members of the Settlement Class.

5. The payment of an Enhancement Award in the amount of $5,000 to Representative Plaintiff Robert Benson is approved.

6. The payment of an Enhancement Award in the amount of $5,000 to Representative Plaintiff Mark Huddlestun is approved.

7. The payment of $10,000 to the Settlement Administrator for settlement administration services is approved.

8. The PAGA award $6,666 is approved. From this award, a payment of $5,000 shall be made to the California Labor and Workforce Development Agency, and a payment of $1,666 remain in the net settlement fund for distribution to the Participating Class Members.

9. The net settlement fund (i.e., after deduction of attorneys' fees, attorneys' costs, enhancement awards to the representative Plaintiffs, settlement administration costs, and the LWDA's portion of the PAGA payment from the gross settlement fund) shall be distributed to the 118 Participating Class Members based on each Participating Class Member's pro rata number of work weeks during the class period, as compared to the aggregate work weeks worked by all Participating Class Members during said period.

10. The parties have stipulated to, and the Court hereby approves, Legal Aid at Work as the cy pres recipient of any residual funds resulting from uncashed settlement checks by Participating class members.

11. A Final Judgment in this action shall be entered. The Final Judgment shall bind each Settlement Class member. The Final Judgment shall operate as a full release and discharge of the released claims against the released parties. All rights to appeal the Final Judgment have been waived. The Final Judgment and Final Approval Order shall have *res judicata* effect and bar all Settlement Class members from bringing any action asserting Settlement Class members' released claims under the Agreement.

12. The Agreement and Settlement are not an admission by Defendants, nor is this Final Approval Order a finding, of the validity of any claims in the Action

-6-

ORDER RE: FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

or of any wrongdoing by Defendants. Neither this Final Approval Order, the Final Judgment, the Agreement, nor any document referred to herein, nor any action taken to carry out the Agreement, may be construed as, or may be used as an admission by or against Defendants of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Settlement Agreement, and the negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendants and shall not be offered in evidence in any action or proceeding against Defendants in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Approval Order, the Final Judgment, the Agreement, or any related agreement or release. Notwithstanding these restrictions, any of the released parties may file in the Action or any other proceeding this Final Approval Order, the Final Judgment, the Agreement, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the released claims.

13. Notice of entry of this Final Approval Order and the ensuing Final Judgment shall be given to Class Counsel on behalf of Plaintiffs and all Settlement Class members. It shall not be necessary to send notice of entry of this Final Approval Order or the ensuing Final Judgment to individual Settlement Class members. The time for any appeal shall run from the date of the Court's entry of the Final Approval Order and Final Judgment.

14. After entry of Final Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Agreement, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

15. In the event the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, or is terminated, cancelled or fails to become effective for any reason, then this Final Approval Order, the Final Judgment, and all orders entered in connection herewith shall be rendered null and void and shall be vacated.

**IT IS SO ORDERED.**

Dated: February 27, 2019

_____
Hon. Dana M. Sabraw
United States District Judge

-8-

ORDER RE: FINAL APPROVAL OF
CLASS ACTION SETTLEMENT